IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Anthony M.
JOHNSON, Attorney at Law.

Supreme Court

*No. 86-0607-D. Filed September 18, 1986.*

(Also reported in 393 N.W.2d 295.)

PER CURIAM.  *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Anthony M. Johnson to practice law in Wisconsin be suspended for 18 months as discipline for unprofessional conduct. That conduct consisted of Attorney Johnson's having made a fraudulent claim against an insurance company on behalf of a couple he represented. We determine that the seriousness of Attorney Johnson's misconduct in the matter warrants the suspension of his license to practice law for a period of three years.

Attorney Johnson was admitted to practice law in Wisconsin in 1982 and practices in Milwaukee. He has not previously been the subject of an attorney disciplin-

ary proceeding. The referee is Attorney Robert P. Harland.

In July, 1984, two persons involved in an automobile accident retained Attorney Johnson to represent them in the matter. One of the clients had sustained no physical injuries from the accident, but the other had complained of minor neck pain and headache. During the succeeding four months, Attorney Johnson contacted his clients numerous times, asking whether they wished to pursue their claims and whether they had received any medical treatment. He also sent the clients medical release authorizations, which the clients did not sign.

In August, 1984, Attorney Johnson sent a notice of retainer to the insurer of the driver of the other automobile involved in the accident, and he commenced settlement negotiations with the insurer the following November. In response to the insurer's request for copies of medical reports and medical bills, Attorney Johnson sent a demand letter, attaching a $600 bill from a clinical psychologist, together with a report stating that the psychologist had treated the clients for psychological stress resulting from the accident. The report stated that the doctor had held five therapy sessions with the clients, but in fact the clients did not receive that treatment, and Attorney Johnson knew that the medical report was false.

The insurer then sent Attorney Johnson two checks totaling $1,300 in settlement of both clients' claims. Attorney Johnson told his clients that he had settled their claims and that each would receive $150, the balance remaining after the deduction of his fees and the medical bill. He admitted to one of the clients that he had obtained a false medical report.

The clients stated that they had never suffered any of the ailments set forth in the medical report furnished to the insurer and that they never had any contact with the psychologist named in the report. Further, the person named in the report was not a licensed psychologist. Attorney Johnson subsequently admitted that he obtained the report by describing false symptomatic information to the person who prepared the report and that the medical report he submitted to the insurer was not accurate in any respect. Both clients refused the "settlement" presented by Attorney Johnson, and one of them contacted the insurer. Attorney Johnson then returned the two settlement checks to the insurer.

On the basis of these facts, to which the parties had stipulated, the referee found that Attorney Johnson undertook to defraud the insurer and concluded that his conduct constituted a violation of SCR 20.04(4), prohibiting an attorney from engaging in conduct involving fraud, dishonesty, deceit or misrepresentation. The referee also concluded that Attorney Johnson knowingly advanced a claim unwarranted under existing law, in violation of SCR 20.36(1)(b), knowingly used false evidence, in violation of SCR 20.36(1)(d), and participated in the creation and preservation of false evidence knowing such evidence was false, in violation of SCR 20.36(1)(f).

In response to the referee's recommendation that Attorney Johnson's license be suspended for 18 months for misconduct, the court ordered the parties to file briefs on the question why Attorney Johnson's license to practice law should not be suspended for a period of three years as discipline for his unprofessional conduct. In its response, the Board of Attorneys Professional Responsibility (Board) took the position, as it had in

the disciplinary proceeding before the referee, that Attorney Johnson's conduct warrants a three-year suspension of his license for the reason that it was a conscious scheme to defraud the insurance company. The Board argued that, because Attorney Johnson had a financial stake in the outcome of any settlement he might reach with the insurer on his clients' behalf, his conduct constituted a deliberate attempt to convert the funds of the insurer to his clients' and his own benefit.

Attorney Johnson contended that the seriousness of his misconduct was mitigated by several factors: he did not solicit the clients to make a claim against the insurer; his youth and inexperience influenced his actions; he fully cooperated with the Board in its investigation of the matter; no one suffered any monetary loss. Attorney Johnson suggested that a public reprimand would constitute sufficient discipline.

We are unpersuaded by Attorney Johnson's arguments. The factors he relies on do not mitigate the seriousness of his conduct. He engaged in a calculated attempt to obtain money from an insurance company by alleging fraudulent injuries suffered by his clients. The fact that his scheme failed in no way lessens the seriousness of his attempt. Moreover, his actions harmed, actually or potentially, not only his clients and the insurer, but they constituted an abuse of our legal system. By his conduct in this matter, Attorney Johnson impugned the integrity of the legal profession, the basis of which is competent and diligent representation consistent with truth and honesty.

We adopt the referee's findings of fact and conclusions of law, but we modify his recommendation for discipline to increase the period of suspension of Attorney Johnson's license to practice law to three years. We

accept the referee's recommendation that Attorney Johnson be required to pay the costs of this disciplinary proceeding.

IT IS ORDERED that the license of Anthony M. Johnson to practice law in Wisconsin is suspended for a period of three years, commencing October 15, 1986.

IT IS FURTHER ORDERED that within 90 days of the date of this order Anthony M. Johnson pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within the time specified, the license of Anthony M. Johnson to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Anthony M. Johnson comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

ABRAHAMSON, J., took no part.