IN the MATTER OF the REINSTATEMENT OF the LICENSE OF Anthony M. JOHNSON to Practice Law in Wisconsin.

Supreme Court

*No. 86–0607–D. Filed September 15, 1998.*

(Also reported in 583 N.W.2d 653.)

¶ 1.   PER CURIAM.   In July, 1994, the Board of Attorneys Professional Responsibility (Board) recommended that the petition of Anthony M. Johnson for reinstatement of his license to practice law in Wisconsin be granted. That license had been suspended for three years as discipline for Attorney Johnson's having made a fraudulent claim against an insurance company on behalf of clients. *Disciplinary Proceedings Against Johnson*, 133 Wis. 2d 42, 393 N.W.2d 295 (1986). Notwithstanding the favorable recommendations of the Board and the district professional responsibility committee to which the reinstatement petition had been referred for investigation and the holding of a public hearing, the court remanded the matter to the Board on January 4, 1995 with directions to supplement the record with the results of an investigation that had been conducted by the district committee, together with the Milwaukee Police Department and the Milwaukee County District Attorney, to determine whether any criminal complaints had been filed in regard to Mr. Johnson or his businesses and to obtain all records of his businesses in his accountant's possession. The court also directed the Board to obtain Mr. Johnson's income tax records and returns filed in respect to those businesses during the period his license remained suspended — 1987 through 1993.

¶ 2.   The Board filed a supplemental report May 19, 1998, in which it concluded that Mr. Johnson did not meet his burden under 22.28(6)[1] of proving by clear

---

[1] SCR 22.28 provides, in pertinent part:

**Reinstatement.**

. . .

(6)   The petitioner has the burden of demonstrating by clear and convincing evidence that the petitioner has the moral charac-

and convincing evidence that he possesses the moral character to practice law in this state and that his resumption of practice will not be detrimental to the integrity and standing of the bar or the administration of justice or subversive of the public interest. Accordingly, the Board recommended that the petition for reinstatement be denied. By memorandum of May 21, 1998, the Board of Bar Examiners withdrew the favorable recommendation on the reinstatement petition it had made in 1995 until such time as Mr. Johnson has met a specified continuing legal education requirement for reinstatement.

¶ 3. In its report, the Board discussed the facts underlying a criminal charge filed April 6, 1995 in Milwaukee against Mr. Johnson and his wife alleging two counts of possession of drug paraphernalia at one of his stores with intent to deliver. The trial court suppressed the paraphernalia evidence, and that ruling was overturned on appeal. Ultimately, the case against Mr. Johnson was dismissed upon his completion of community service. At the first of two public hearings before the district committee, Mr. Johnson answered in the negative when asked March 15, 1995 whether there ever had been problems with the police, police referrals, or complaints because of selling drug paraphernalia. On further questioning, Mr. Johnson's attorney told the committee that a police inquiry was pending in regard to an incident that had occurred some 60 days prior to the hearing.

ter to practice law in this state and that the petitioner's resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice or subversive of the public interest. The petitioner shall also demonstrate by clear and convincing evidence full compliance with the terms of the order of suspension or revocation and the requirements of SCR 22.26.

¶ 4. The Board also noted in its report Mr. Johnson's inconsistent testimony in respect to who was responsible for operating his business. At times he stated that it was he who was in charge of the store and did the hiring and firing. He stated on his tax returns filed since 1989 that he participated in the store's management. On other occasions, however, he testified that it was his wife who operated the store by herself.

¶ 5. Based on his failure to reveal existing problems with the police when initially asked by the district committee in 1995, his denial that items found in his store were drug paraphernalia, and his claim that he had no control over how the store was operated, the Board asserted that Mr. Johnson's testimony "lacked candor and credibility." The Board also found that his conduct in selling items he knew could and probably would be used to promote the use of illegal drugs was not exemplary and above reproach, as required by SCR 22.28(4)(e),[2] whether or not the items were properly labeled drug paraphernalia.

¶ 6. In respect to his income and tax records, the Board found that Mr. Johnson failed to file tax returns for 1996, thereby demonstrating a continuing pattern of noncompliance with tax obligations. From that the Board concluded that he has not shown he can safely be recommended to the public as a person fit to act in matters of trust and confidence, as required by SCR 22.28(4)(g),[3] or that his conduct since the suspension of his license has been exemplary and above reproach.

---

[2] SCR 22.28(4) provides, in pertinent part:

    (4)   The petition for reinstatement shall show that:

    . . .

    (e)   The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

[3] SCR 22.28(4) provides, in pertinent part:

¶ 7.   The district committee that conducted a supplemental investigation and held additional public hearings in this matter following remand recommended by majority vote that Mr. Johnson's reinstatement petition be denied. The Board, too, recommended that the petition be denied. Based on the report submitted to the court and the findings and conclusions set forth in it, we determine that Mr. Johnson is not entitled to the reinstatement of his license to practice law.

¶ 8.   IT IS ORDERED that the petition for the reinstatement of the license of Anthony M. Johnson to practice law in Wisconsin is denied.

¶ 9.   SHIRLEY S. ABRAHAMSON, C.J., and DAVID T. PROSSER, J., did not participate.

***

(4)   The petition for reinstatement shall show that:

. . .

(g)   The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.